IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARUK CENAP YETEK DDS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE DENTAL BOARD OF CALIFORNIA, et al.,<br><br>  Defendants.<br>_____/<br>SHIYU WANG,<br><br>  Plaintiff,<br><br>  v.<br><br>THE DENTAL BOARD OF CALIFORNIA, et al.,<br><br>  Defendants.<br>_____/ | No. C 09-3702 CRB<br><br>and related case:<br><br>No. C 09-3508 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Shiyu Wang and Frank Cenap Yetek, both dentists, have sued various California institutions and officers for harms flowing from an allegedly baseless Medi-Cal fraud prosecution. The State Defendants and Stanislaus County have moved to dismiss. For the reasons below, the motions are GRANTED. First, suits against state agencies, such as the California Dental Board, are barred by the 11th Amendment. It is beyond question that a suit

1  for damages against a state is untenable.  Second, for similar reasons, suits against California
2  officers acting in their <u>official</u> capacity are barred.  Third, the prosecuting authorities sued in
3  their individual capacities are protected individually by the absolute immunity afforded to
4  prosecutors.  Fourth, the state's expect, Susan Jane Quon DDS, is entitled to qualified
5  immunity.  Fifth, and finally, the complaint in <u>Yetek</u> fails to allege any facts supporting a
6  cause of action against the County of Stanislaus.

7      If Plaintiffs seek to maintain actions against these defendants, they must address
8  conduct that is not covered by these immunities.

## BACKGROUND

10      The complaints in these two cases are largely identical.  This order will address them
11  together using joint citations to paragraph numbers, and will note the few instances of
12  material differences.

13      Plaintiffs are dentists who worked for a time for Hatch Dental in Modesto California.
14  The owner of Hatch Dental, Kyon Tao, in addition to plaintiffs and 18 other individuals, was
15  prosecuted for "fraudulently billing Denti-Cal, a state agency."  Yetek Complaint ¶ 17; Wang
16  Complaint ¶ 16.  Plaintiffs contend that these prosecutions were "wrongful and
17  unsupported," in part because "Defendants could not, and were never able to provide a
18  detailed explanation of [Plaintiffs'] wrongful acts, or accusations supported by evidence,
19  between the dates of Plaintiff's arrest and the date the Court dismissed the action against
20  Plaintiff . . . ."  Wang Complaint ¶ 20; <u>cf.</u> Yetek Complaint ¶ 22-23.  Both plaintiffs allege
21  that "[t]he courts ordered Defendants to provide Plaintiff with all discovery.  The defendants
22  claims they could not do so.  This was false . . . ."  Wang Complaint ¶ 22; Yetek Complaint
23  ¶ 25.  Plaintiffs also allege that a state's expert, Susan Jane Quon, made assertions despite
24  having an insufficient factual basis.  Wang Complaint ¶ 25; Yetek Complaint ¶ 26.  They
25  further allege that the expert "was married to an attorney in defendants' office," and "was
26  dismissed because of the . . . conflict of interest on the Defendants part involving that
27  expert."  Yetek Complaint ¶ 26; Wang Complaint ¶ 23.  The criminal case was dismissed on
28  August 13, 2008.  Yetek Complaint ¶ 29; Wang Complaint ¶ 26.

2

Apparently Plaintiffs were also subjected to a parallel administrative proceeding arising out of these allegations. The complaints, however, do not clearly distinguish between the actions and there is therefore scant elaboration regarding the nature of these administrative actions. Plaintiff Yetek refers to such proceedings as "the Dental Board Proceedings," but does not provide independent factual allegations concerning how they were conducted. However, he does allege that the proceedings were "dismissed for lack of Evidence sufficient to warrant their prosecution." Yetek Complaint ¶ 34. Wang's complaint is even more vague, and does not specifically refer to an administrative proceeding. Nevertheless, the complaint does name the Dental Board as a defendant.

## DISCUSSION

1. <u>Legal Standard</u>

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion "couched as a factual allegation" need not be accepted. Id.

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without

3

contradicting any of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

2. Analysis

    A. Defendants Dental Board of California and California Department of Justice

Under the Eleventh Amendment, "agencies of a state are immune from private damage actions or suits for injunctive relief brought in federal court." Aguon v. Commonwealth Ports Auth., 316 F.3d 899, 901 (9th Cir. 2003). Ninth Circuit cases have established a multi-factor test for determining whether a governmental agency is an arm of the state. The factors are "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988). The California Department of Justice is clearly a state agency. As for the Dental Board, the allegations in the complaint are quite thin. However, all allegations are consistent with the conclusion that the Dental Board is a prototypical state agency. In fact, the complaints themselves refer to the Dental Board as an "existing California Agenc[y]." Wang Complaint ¶ 4. In order to survive a motion to dismiss, plaintiffs must allege some fact suggesting that the Dental Board is something other than a state agency protected by the 11th Amendment. Plaintiffs argue that it is inappropriate to rely on the 11th Amendment at the pleading stage, but there is no authority for this. Plaintiffs have alleged that the Dental Board is a state agency, but if they nevertheless contend that the agency is not shielded by the 11th Amendment by virtue of the factors outlined in Mitchell, they must allege facts to support such a conclusion.

The claims as to the California Department of Justice are dismissed WITH PREJUDICE, while the claims as to the Dental Board are dismissed WITHOUT PREJUDICE.

    B. Suits against individual defendants in their official capacities

4

Both plaintiffs purport to sue "each and all Defendants (except the State Agencies) in both their individual and official capacities." Yetek Complaint ¶ 14; Wang Complaint ¶ 13. Plaintiffs do not seek any injunctive relief, and ask instead only for an award of money damages. However, the Eleventh Amendment also bars damages actions against state officials in their official capacity. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Therefore, the claims against employees of the Department of Justice in their official capacities are DISMISSED WITH PREJUDICE.

### C. Suits against individual defendants in their individual capacities

While the complaints are by no means clear as to the identity of all named defendants, nor the roles they played in the prosecution, the individual defendants appear to fall into two categories: (1) prosecutors, and (2) witnesses. These will be addressed separately.

#### i. Suits against prosecutors

Prosecutors are absolutely immune from suits relating to their performance of prosecutorial functions. See Butz v. Economou, 438 U.S. 478 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The complaints here are therefore barred. Both Plaintiffs complain that they never should have been prosecuted, that Defendants failed to turn over certain evidence, and that Defendants knew that the charges were baseless. Even if true, such allegations are precisely the sorts of claims that are barred by absolute prosecutorial immunity. While Plaintiffs are quite right the prosecutors performing investigatory functions are not absolutely immune, there are no allegations in the complaint of any such investigative actions. Instead, the complaints allege that the prosecutors persisted in the criminal action despite the absence of sufficient evidence. This is a prototypical prosecutorial decision.

The complaints also suggest that the administrative actions taken against plaintiffs give rise to liability. While the complaints fail to allege any specific facts regarding these administrative actions, it appears that these actions were initiated in order to revoke plaintiffs' dental licenses. As an initial matter, the complaints fail to list any individual member of the Dental Board who was responsible for initiating or conducting the

5

1 administrative proceeding. The Dental Board itself, as noted above, is immune under the
2 Eleventh Amendment. The only individual members of the Board named as defendants are
3 Susan Quon and Norton Rosenberg. Quon, however, was a witness in the underlying
4 criminal action, and there are no allegations that she was involved in initiating or conducting
5 the administrative proceeding. As for Rosenberg, the complaints are devoid of factual
6 allegations as to his role in the proceeding.

Even if plaintiffs had named an individual on the dental board responsible for the administrative action, that individual is likely protected by absolute immunity. The only circuit authority identified by the parties holds that the individuals responsible for bringing such administrative actions are similarly shielded by absolute immunity. See Horwitz v. State Bd. of Medical Examiners of State of Colo., 822 F.2d 1508, 1514-15 (10th Cir. 1987) ("[D]efendant Board [of Medical Examiners] members, who performed statutory functions both adjudicatory and prosecutorial in nature, are entitled to absolute immunity from damages liability under 42 U.S.C. § 1983. There exists a strong need to insure that individual Board members perform their functions for the public good without harassment or intimidation."); see also Watts v. Burkhart, 978 F.2d 269, 278 (6th Cir. 1992) (holding that physician's suit against members of the State Medical Licensing Board sued individually for damages in connection with Board's suspension of his license are protected by quasi-judicial immunity); Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 701 (1st Cir. 1995). Given this background, the complaints fail to allege any specific facts to cast doubt on the propriety of absolute immunity here.

These claims are therefore DISMISSED WITHOUT PREJUDICE. If Plaintiffs wish to file an amended complaint, they must include facts relating either to the investigative conduct of the prosecutors, or relating to whether the Dental Board is in fact an arm of the state.

        ii.     Witnesses

Both plaintiffs have also named and served Dr. Susan Jane Quon as a defendant. Quon is alleged to have been hired as a dental expert whose assertions "were the basis of the case

6

against Plaintiff, were contrary to standard of practice and commonly accepted professional principles, practices, and publications, and the evidence in this case." Yetek Complaint ¶ 26; Wang Complaint ¶ 23.

In substance, the complaints allege that Dr. Quon's "testimony" formed the basis of the State Defendants' decision to prosecute. The Supreme Court has held an advocate's participation in investigatory functions is shielded only by qualified immunity. However, the complaint is not entirely clear as to whether Dr. Quon was, in fact, an "advocate." In fact, the complaints suggest that Dr. Quon was not actually a regular employee of the Dental Board. They allege that the Defendants "hired a second dental expert, a prosthodontist, Susan Jane Quon . . . who was married to an attorney in defendants' office, and was personally treating Defendants employees." Wang Complaint ¶ 23. This suggests that Dr. Quon was simply hired as an expert witness, not that she made any decision to prosecute plaintiffs. Furthermore, it suggests that her conduct is not that of a state agent, but rather a private party who offered her expert opinion. Unless the state were somehow involved in influencing the content of that opinion, there is no basis for alleging that those contents were the result of state action. The complaints' conclusory assertions that she acted as "an agent, servant employee or representative of state agency [sic]" cannot control in light of the more specific factual allegations that she was not, in fact, an agent of the state.

Even if Quon is, in fact, a state agent, she is protected by qualified immunity.[1] This means that Quon can only be held liability if her conduct violated a clearly established constitutional right. See Pearson v. Callahan, 129 S. Ct. 808 (2009). As currently drafted, the complaint fails to identify a constitutional right that Dr. Quon infringed. The complaints allege that she made assertions that "were contrary to standard of practice and commonly accepted professional principles, practices, and publications, and the evidence in the case." Wang Complaint ¶ 23. Plaintiffs fail to cite any authority for the proposition that a government agent's failure to adhere to a "standard of practice" is a constitutional violation.

---

[1] If Quon actually testified at a hearing, she is entitled to absolute immunity for such testimony. Wilson v. Layne, 119 S. Ct. 1691, 1696 (1999). There are no such allegations in the complaints, but again, they are exceedingly vague.

7

The gravamen of this action concerns allegations of a fraudulent prosecution. However, the complaint does not allege that Quon played any role in the decision to initiate that prosecution. She merely made assertions that plaintiffs disagree with. Those assertions led to the other defendants' decision to prosecute plaintiff, but there is no factual allegation as to how Quon's conduct itself violated a right. Plaintiff Yetek in his opposition cites to Keko v. Hingle, 318 F.3d 639 (5th Cir. 2003), but that case involved allegations of an unconstitutional search warrant. There is no similar allegation here, and indeed plaintiffs fail to identify a constitutional right infringed by Quon's conduct.

Plaintiffs' claims against Quon are therefore DISMISSED WITHOUT PREJUDICE.

D.   Stanislaus County

Finally, Plaintiff Yetek also names Stanislaus County as a defendant. However, the complaint makes no factual allegation as to the County's role. On the contrary, all the factual allegations suggest the prosecution was initiated by the State, not the County. Claims as to Stanislaus County are therefore DISSMISSED WITHOUT PREJUDICE.

**Conclusion**

For the reasons explained above, the motions to dismiss are GRANTED. Plaintiffs are granted leave to amend only as set forth above.

**IT IS SO ORDERED.**

Dated: June 22, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE