1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

SHIYU WANG D.D.S.,                                No. C 09-03508 CRB

12

Plaintiff,                          **ORDER GRANTING MOTION TO**
                                                         **DISMISS WITH PREJUDICE**

13

v.

14

THE DENTAL BOARD OF CALIFORNIA,
et al.,

15

Defendants.

16
_____/

17

This case was brought by Plaintiff Shiyu Wang, a dentist who claims that the State of

18

California, through various officials, prosecuted a baseless criminal action against him.  It

19

comes before the Court again on a Motion to Dismiss.[1]  Dkt. 57.  The Motion to Dismiss is

20

GRANTED with prejudice, and this case is dismissed.

21

**I.      BACKGROUND**

22

This Court granted a Motion to Dismiss in this case on June 22, 2010, dismissing

23

Plaintiff's claims and nearly identical claims brought by Faruk Cenap Yetek arising out of

24

their prosecutions for alleged Denti-Cal fraud.  June 22, 2010 Order (Dkt. 53); see also 09-

25

cv-03702-CRB.  Both individuals were granted leave to amend, and Plaintiff filed an

26

amended complaint (now proceeding *pro se*) on July 8, 2010.

27
28

_____

[1] The parties agree that this matter is ripe for disposition without oral argument.  October 8, 2010
Letter from Plaintiff to the Court (Dkt. 59); Defendants' Reply (Dkt. 61).

**United States District Court**
For the Northern District of California

1    Plaintiff is a dentist who worked as an independent contractor for Hatch Dental for a

2    short period in 2003.[2]  Second Amended Complaint ("SAC") (Dkt. 56) ¶ 14.  Hatch Dental

3    was believed by the government to have engaged in fraudulent and illegal conduct related to

4    billing Denti-Cal, a state agency.  Id. ¶ 15.  In 2004, Defendants initiated criminal

5    proceedings against Hatch Dental, and Plaintiff was arrested and charged with fraudulent

6    billing and performance of unnecessary dental procedures.  Id. ¶ 17.  Defendants

7    "intentionally collected, sorted and organized the clinical data in a way that these data could

8    be wrongfully interpreted or explained by defendant in order to be justified as evidence to

9    prosecute plaintiff."  Id. ¶ 19.  In addition, Defendants misused the expert witness system,

10    and the State's witness's testimony was "contrary to standard of practice and commonly

11    accepted professional principles, practices, and publications, and the evidence in the case."

12    Id. ¶ 26.  Defendants maintained this baseless prosecution because Plaintiff and several

13    others tangentially involved with Hatch Dental "were immigrants and unfamiliar with the

14    legal system, and more susceptible to Defendants pressuring them to plead guilty and accept

15    the settlement offers, and were less able to defend themselves and fight for their rights."  Id.

16    ¶ 24, 28.  The charges against Plaintiff were dismissed, at the preliminary hearing stage, on

17    August 13, 2008.  Id. ¶ 24.  In sum, "Defendants participated in and supported the fabrication

18    of false evidence, announcing a false statement in front of media, misusing expert witness

19    system, [and] filing a prosecution of false accusations against plaintiff . . . ."  Id. ¶ 32.

20    **II.    LEGAL STANDARD**

21    Under Rule 12(b)(6), a party may move to dismiss a cause of action that fails to state a

22    claim upon which relief can be granted.  On a motion to dismiss, all well-pleaded allegations

23    of material fact are taken as true and construed in the light most favorable to the non-moving

24    party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661

25    (9th Cir. 1998).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a

26    claim to relief that is "plausible on its face."  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct.

27

28    _____

     [2] Because this matter comes before the Court on a motion to dismiss, the facts presented here are in the light most favorable to Plaintiff.

1937, 1949, 173 L.Ed.2d 868 (2009).  A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion "couched as a factual allegation" need not be accepted.  Id.

## III.   DISCUSSION

Plaintiff asserts that he is suing the individual defendants in their individual capacities.  Opp'n to Defs.' Mot. to Dismiss (Dkt. 58) at 1.  These individual Defendants fall into two categories:  (1) prosecutors; and (2) witnesses.

### A.   Prosecutors

As this Court pointed out in the Order dismissing the First Amended Complaint ("FAC"), prosecutors are absolutely immune from suits relating to their performance of prosecutorial functions.  See Butz v. Economou, 438 U.S. 478 (1978); Imbler v. Patchman, 424 U.S. 409, 430 (1976).

In the Order dismissing the FAC, the Court directed Plaintiff to include in any subsequent complaint "facts relating [] to the investigative conduct of the prosecutors," because such conduct is not subject to absolute immunity.  June 22, 2010 Order (Dkt. 50) at 6.  Morton v. City of Ellensburg, No. CV-09-3092-EFS, 2010 WL 3938207, at *2 (E.D. Wash. Oct. 4, 2010) ("[A]bsolute immunity does not extend to all actions taken by a prosecutor: a prosecutor enjoys only qualified immunity when performing investigatory or administrative functions.") (citing Broam v. Bogan, 320 F.3d 1023, 1028-29 (9th Cir. 2003); Imbler, 424 U.S. at 431 n.33).  In response to the Court's direction, Plaintiff alleges in the SAC that "[d]uring investigation defendants intentionally collected, sorted and organized the clinical data in a way that these data could be wrongfully interpreted or explained by defendant in order to be justified as evidence to prosecute plaintiff" and "collect[ed], sort[ed] and organiz[ed] the false negative x-rays from the pile of patients' records so that they look

**United States District Court**
For the Northern District of California

1   like evidence of no-decay teeth." SAC (Dkt. 56) ¶ 19. Later, Plaintiff alleges that

2   Defendants "fabricated" "false evidence." Id. ¶ 32.

3   This is not enough to survive a motion to dismiss because it does not state a plausible

4   claim that any individual Defendant fabricated evidence during the investigation before

5   charges were filed. See Buckley v. Fiftzsimmons, 509 U.S. 259, 273 (1993); Eclectic

6   Properties East, LLC v. Marcus & Millichap Co., No. C-09-0511 RMW, 2010 WL 384736,

7   at *2 (N.D. Cal. Jan. 29, 2010) ("[T]he complaint nevertheless fails to adequately plead facts

8   sufficient to inform each defendant of the specific allegations against it under each asserted

9   cause of action, and many of the allegations simply lump all of the defendants together in a

10  group."). Indeed, neither of the two non-conclusory allegations regarding claimed evidence

11  fabrication even allege that fabrication took place. Instead, the allegations simply assert that

12  the prosecutors organized the actual evidence in such a way as to support their theory that

13  Plaintiff acted unlawfully. But the mere organization of evidence in a persuasive way is not

14  unconstitutional conduct on the part of a prosecutor. See generally U.S. v. McVeigh, 954 F.

15  Supp. 1441, 1449-50 (D. Colo. 1997) ("There is no requirement that the government present

16  all of the information known to it that can meet the requirements for admissible evidence.

17  The prosecutors may be selective and use only that which they believe will have persuasive

18  effect on the jury.").

19  Thus, the Motion to Dismiss is granted with prejudice as to the prosecutor Defendants.

20  **B.      Witnesses**

21  Plaintiff once again names Dr. Susan Jane Quon as a Defendant. She is once again

22  alleged to have been hired as a dental expert by the prosecuting Defendants, and her

23  assertions "were the basis of the case against Plaintiff, were contrary to standard of practice

24  and commonly accepted professional principles, practices, and publications, and the evidence

25  in the case." SAC (Dkt. 56) ¶ 26.

26  When this Court dismissed the claims against Defendant Quon last time it noted two

27  failings as to those claims. First, that the allegations did not support the conclusion that

28  Defendant Quon was a state actor. See June 22, 2010 Order (Dkt. 50) at 7. Second, that

1   even if Defendant Quon was a state actor, she was protected by qualified immunity because

2   the complaint failed to identify any constitutional right that she infringed.  Id.  Both of these

3   shortcomings still exist.  The SAC continues to allege that Defendant Quon was "hired and

4   paid to make the accusations," revealing that she was simply a private expert witness retained

5   by the prosecution.  SAC (Dkt. 56) ¶ 26.  Moreover, her alleged misconduct – making

6   assertions that "were contrary to standard of practice and commonly accepted professional

7   principles, practices, and publications, and the evidence in the case" – does not rise to the

8   level of a constitutional violation even if Defendant Quon were considered to be a state

9   actor.[3]  SAC (Dkt. 56) ¶ 26.  Accordingly, the claims against Defenant Quon are dismissed

10  with prejudice.

11      **C.     Supervisory Liability**

12      If Plaintiff is making a distinct claim against any supervising Defendant in his role as

13  a supervisor such claim fails because it is pleaded, if at all, in an entirely conclusory fashion.

14  There is no respondeat superior liability in section 1983 cases, so it is not enough for Plaintiff

15  to allege a violation of a constitutional right and then name the perpetrator's supervisors as

16  additional Defendants.  Mortimer v. Baca, 594 F.3d 714, 722 (9th Cir. 2010).  The SAC is

17  simply devoid of the allegations necessary to state a plausible claims for supervisory liability

18  under section 1983.

19  **IV.   CONCLUSION**

20      Defendants' Motion to Dismiss (Dkt. 57) is GRANTED with prejudice.

21      **IT IS SO ORDERED.**

22

23

24  Dated: October 26, 2010

    _____
    CHARLES  R. BREYER
    UNITED STATES DISTRICT JUDGE

25

26

27

28      _____
        [3] To the extent Plaintiff has alleged that Defendant Quon violated his rights through knowingly
    providing false testimony in-court, see SAC (Dkt. 56) ¶ 27, she is entitled to absolute immunity.  Paine
    v. City of Lompoc, 265 F.3d 975 (2001).